UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH T. ARQUILLO, Personal Representative of the ESTATE OF JOSEPH R. ARQUILLO, | ) ) ) | CASE NO.: 1:20-CV-01201 |
| | ) | JUDGE: SOLOMON OLIVER, JR. |
| Plaintiff, | ) ) | **DEFENDANTS CUYAHOGA** |
| vs. | ) ) | **COUNTY/CUYAHOGA COUNTY** **BOARD OF COMMISSIONERS,** |
| | ) | **ARMOND BUDISH, GEORGE TAYLOR,** |
| CUYAHOGA COUNTY/CUYAHOGA COUNTY BOARD OF COMMISSIONERS, et al., | ) ) ) | **EARL LEIKEN, AND CLIFFORD** **PINKNEY'S MOTION FOR PARTIAL** **JUDGMENT ON THE PLEADINGS** |
| | ) | |
| Defendants | ) | |

Now come Defendants, Cuyahoga County/Cuyahoga County Board of Commissioners (hereinafter Cuyahoga County), Armond Budish, George Taylor, Earl Leiken, and Clifford Pinkney, who hereby respectfully submit this Motion for Partial Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff's Complaint fails to state a claim upon which relief can be granted in several respects requiring that certain claims be dismissed with prejudice as to these Defendants. A memorandum in support of this motion follows.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/James A. Climer*
JAMES A. CLIMER (0001532)
AMILY A. IMBROGNO (0092434)
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   jclimer@mrrlaw.com
              aimbrogno@mrrlaw.com

1

s/Brendan D. Healy
BRENDAN D. HEALY (0081225)
JILLIAN ECKART (0088770)
Office of the Prosecuting Attorney
Cuyahoga County
1200 Ontario Street
Cleveland, OH  44113
(216) 698-6447
Email: bhealy@prosecutor.cuyahogacounty.us
jeckart@prosecutor.cuyahogacounty.us

Counsel for Defendants Cuyahoga
County/Cuyahoga County Board of Commissioners,
Armond Budish, George Taylor, Earl Leiken, and
Clifford Pinkney in their individual and official
capacities and Eric Ivey, Kenneth Mills and Martin
Devring in their official capacities


s/Michael N. Ungar
MICHAEL N. UNGAR (0016989)
SARA DORLAND (0095682)
Ulmer & Berne LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH  44113
(216) 583-7002
Email:    mungar@ulmer.com
          sdorland@ulmer.com

Co-Counsel for Defendant Earl Leiken, in his
individual capacity

2

## **LOCAL RULE 7.1(f) CERTIFICATION**

These Defendants certify that this case has been placed on the Standard Track per Court Order
and that the memorandum adheres to the page limitation specifications of Local Rule 7.1(f) of the
US District Court of the Northern District of Ohio.

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. LEGAL ANALYSIS......................................................................................................3

    A. Standard of Review...........................................................................................3

    B. The Cuyahoga County Board of Commissioners does not exist and therefore
       is incapable of being sued. ...............................................................................4

    C. The claims brought against the individual Defendants in their official
       capacities are claims brought against Cuyahoga County, and must be
       dismissed as redundant. ....................................................................................4

    D. Counts IV and V of the Complaint fail to properly allege Section 1983
       claims against Messrs. Budish, Taylor, Leiken, and Pinkney. ........................5

    E. Messrs. Budish, Leiken, Pinkney and Taylor are entitled to qualified
       immunity from Plaintiff's federal claims.........................................................7

    F. Because Plaintiff has failed to state a claim for constitutional violations
       against Messrs. Budish, Leiken, Pinkney, Taylor, Mills and Ivey, he has
       failed to assert *Monell* claims against Cuyahoga County for the alleged acts
       or omissions of those parties............................................................................9

    G. These Defendants are immune from Plaintiff's state law claims pursuant to
       R.C. Ch. 2744.................................................................................................10

         1. Cuyahoga County is immune with respect to all of Plaintiff's state
           law claims because there is no applicable exception to immunity
           found in R.C. 2744.02(B). ......................................................... 11

         2. Messrs. Budish, Leiken, Taylor and Pinkney are immune from the
           state law claims brought against them in their individual capacities,
           as no exception under R.C. 2744.03(A)(6) applies.................................. 13

    H. Plaintiff's claim for liability for criminal acts is time-barred. ..............................15

    I. There exists no distinct claim for "Intentional, Willful, Wanton, Reckless
       and/or negligent conduct."..............................................................................16

    K. R.C. 311.05 does not impose liability on a sheriff for the conduct of
       deputies. ..........................................................................................................17

    L. Cuyahoga County cannot be held liable on theories of *respondeat* superior
       or vicarious liability under federal or state law .....................................................17

M.     Plaintiff cannot recover punitive damages from Cuyahoga County ......................18

III.    CONCLUSION ................................................................................................................19

CERTIFICATE OF SERVICE ....................................................................................................21

## **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Massillion*, 134 Ohio St. 3d. 380 (2012)........................................................ 14

*Armengau v. Cline*, 7 F. App'x 336 (6th Cir.2001)............................................................. 4

*Ashcroft v. Iqbal*, 556 US 662 (2009) ............................................................................. 3, 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)...................................................... 3, 7

*Bradley v. City of Cleveland*, No. 1:11CV781, 2012 WL 775106 (ND Oh. Mar. 7, 2012) ......... 16

*Cheek v. Indust. Power Coatings, Inc.*, 84 Ohio St3d 534 (1999)...................................... 16

*Cincinnati Ins. Co. v. Oancea*, 6th Dist. No. L-04-1050, 2004-Ohio-4272 ................................ 16

*City of Los Angeles v. Heller*, 475 US 796 (1986)............................................................. 10

*City of Newport v. Fact Concerts, Inc.*, 453 US 247 (1981) ................................................ 18

*Conwell v. Voorhees*, 13 Ohio 523 (1844)................................................................... 15, 18

*Dickerson v. McClellan*, 101 F.3d 1151 (6th Cir. 1996) .................................................... 8

*Doe v. Claiborne Cnty*, 103 F.3d 495 (6th Cir. 1996) ....................................................... 5

*Dotson v. Wilkinson*, 477 F.Supp.2d 838 (ND Oh. 2007) .................................................. 8

*Elliott v. Cuyahoga County Executive and Council*, 8th Dist. No. 105773, 2018-Ohio-1088
................................................................................................................................. 13

*Essex v. County of Livingston*, 518 F.App'x 351 (6th Cir. 2013)....................................... 7, 10

*Field v. Summit County CSEA*, 9th Dist. No. 27817, 2016-Ohio-7026 ................................ 5

*Franks v. Lopez*, 69 Ohio St.3d 345 (1994)...................................................................... 12

*Friga v. East Cleveland*, 8th Dist. No. 88262, 2007-Ohio-1716 ....................................... 18

*Garrison v. Bobbitt,* 134 Ohio App.3d 373 (2d Dist. 1999.)............................................. 14

*Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551 (2000).................................. 12

*Greenfield v. Schluep*, 4th Dist. No. 05CA8, 2006-Ohio-531 .......................................... 18

*Griffits v. Newburgh Heights*, 8th Dist. No. 91428, 2009-Ohio-493 ................................ 13

*Griggy v. Cuyahoga Falls,* 9th Dist. No. 22743, 2006-Ohio-252 ..................................... 16

*Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)................................ 5

*Hall v. Madison Police Dept.*, No. 1:18-cv-01999, 2018 WL 5775914 (N.D. Oh. Nov. 2,
2018) ..................................................................................................................... 4, 7

*Harlow v. Fitzgerald*, 457 US 800 (1982) ....................................................................... 8

*Harris v. Columbus*, 10th Dist. No. 15AP-792, 2016-Ohio-1036 ..................................... 13

*Harris v. Stutes*, No. 3:06cv158, 2008 WL 11452313 (SD Ohio Mar. 24, 2008)................. 5

*Harvey v. Campbell Cnty.*, 453 F.App'x. 557 (6th Cir. 2011)........................................... 7, 10

*Horen v. Bd. of Edn. of Toledo Public Schs.*, 6th Dist. No. L-09-1143, 2010-Ohio-3631 ......... 12

*Howard v. Miami Twp. Fire Div.*, 119 Ohio St. 3d. 1 (2008)............................................ 12

*Humes v. City of Blue Ash*, No. 1:12-cv-960, 2013 WL 2318538 (SD Ohio May 28, 2013)....... 15

*Hunt v. Sycamore Comm. Sch. Dist. Bd. Of Educ.*, 542 F.3d 529 (6th Cir. 2008) ...................... 10

*In re Darvocet, Darvon, & Propoxyphene Prod. Liab. Litig.*, 756 F.3d 917 (6th Cir. 2014)...... 4, 7

*Jennings v. Grayczyk*, 6th Dist. No. L-86-241, 1987 WL 5483 ......................................... 15

*Johnson v. Moseley*, 790 F.3d 649 (6th Cir. 2015) ........................................................... 8

*Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)........................ 5

*King v. City of Columbus*, No. 2:18-cv-1060, 2019 WL 1508279 (SD Ohio Apr. 5, 2019) ........ 15

*Kurek v. Ohio Dep't of Dev. Disabilities*, Case No. 3:16CV623, 2017 WL 1555930 (N.D.
Oh. Jan. 20, 2017)................................................................................................. 4, 7

*Lassen v. Lorain County*, No. 1:13: CV 1938, 2014 WL 3511010 (ND Ohio Jul. 14, 2014) .................................................................................................................................................. 18

*Mahdy v. Mason City School Dist.*, No. 1:16-cv-845, 2017 WL 25504 (SD Ohio Jan. 3, 2017) ........................................................................................................................................ 4

*Marquardt v. Carlton*, No. 1:18 CV 333, 2019 WL 1491966 (ND Ohio Apr. 2, 2019) ............. 15

*Mayes v. Columbus*, 105 Ohio App.3d 728 (10th Dist. 1995) ........................................................ 13

*Monell v. Dept. of Social Srvs*, 436 US 658 (1978) ............................................................ 9, 10, 17, 18

*Moore v. Lorain Metro. Housing Authority*, 121 Ohio St. 3d 455 (2009) .................................... 12

*Pierce v. Woyma,* 8th Dist. No. 97545, 2012-Ohio-3947 ................................................................. 14

*Professionals Guild of Ohio v. Butler County Bd. Of Dev. Disabilities*, No. 1:14-cv-161, 2014 WL 6687134 (SD Ohio Nov. 26, 2014) ............................................................................ 5

*Prosser & Keeton on Torts*, 5 Ed. 1984, 212-214 ......................................................................... 16

*Ramey v. Mudd*, 154 Ohio App.3d 582 (4th Dist. 2003) ............................................................... 13

*Robinson v. Purkey*, 326 F.R.D. 105, 169 (M.D. Tenn. 2018) ........................................................ 4

*Scott v. Dennis*, 8th Dist. No. 94685, 2011-Ohio-12 .................................................................... 12

*Smith v. City of Youngstown*, 2020 WL 6135119 (ND Ohio Oct. 19, 2020) ................................ 10

*Sollenberger v. Sollenberger*, 173 F. Supp.3d 608 (SD Ohio 2016) ........................................... 17

*Spires v. Lancaster,* 28 Ohio St. 3d 76 (1986) ............................................................................. 18

*State ex rel. Cnty. Of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.,* 8th Dist. No. 104157, 2017-Ohio-7727 .......................................................................................................... 15

*Tucker v. Middleburg-Legacy Place*, 539 F.3d 545 (6th Cir., 2008) .............................................. 3

*U.S. ex rel. Dingle v. BioPort Corp.*, 270 F.Supp.2d 968 (W.D. Mich. 2003) ............................. 4

*Walsh v. Village of Mayfield*, 11th Dist. No. 92309, 2009-Ohio-2377 .................................... 11, 13

*West v. Warren City School District Bd. Of Educ.*, No. 4:09 CV 00303, 2009 WL 3756816 (ND Ohio Nov. 6, 2009) ........................................................................................................... 15

*Williams v. McFarland Properties, Inc.*, 177 Ohio App.3d 490 (12th Dist. 2008) ...................... 13

*Zafirau v. Cleveland Municipal School Dist.*, No. 1:03 CV 169, 2003 WL 27377081 (ND Ohio Dec. 10, 2003) .................................................................................................................. 15

*Zumwalde v. Madeira & Indian Hill Joint Fire Dist.* (2011), 128 Ohio St.3d 492 ..................... 13

**Statutes**

R.C. 2744.01(G)(1)(a) ....................................................................................................................... 12

R.C. 2744.03(A)(6) ........................................................................................................................... 13

R.C. 2744.03(A)(6)(a) or (c) ............................................................................................................ 14

R.C. 2744.03(A)(6)(b) ...................................................................................................................... 14

## MEMORANDUM IN SUPPORT

## I.    INTRODUCTION

Plaintiff's claims arise out of the incarceration and death from a drug overdose of his decedent while in the Cuyahoga County Corrections Center. The Complaint seeks compensatory and punitive damages as well as various other forms of monetary and non-monetary relief.  It attempts to assert the following claims against Cuyahoga County and the individual Defendants associated with it in both their official and individual capacities:

- Count I: Claim for "excessive force" purportedly in violation of the decedent's Eighth and Fourteenth Amendment rights brought pursuant to 42 USC § 1983 against Martin Devring;

- Counts II and III: State law claims for assault and battery and intentional infliction of emotional distress against Mr. Devring;

- Count IV: Claims for Fourth, Eighth, and Fourteenth Amendment violations brought pursuant to 42 USC § 1983 against all Defendants;

- Count V: A *Monell* claim alleging violation of the decedent's Fourth, Eighth and Fourteenth Amendment rights against Cuyahoga County, Armond Budish, Earl Leiken, George Taylor, Clifford Pinkney, Eric Ivey, Kenneth Mills, MetroHealth and the John Doe Defendants[1]  who are alleged to be "policy makers;"

- Counts VI and VII: *Monell* Claims for Fourteenth Amendment violations brought pursuant to 42 USC § 1983 against Cuyahoga County and MetroHealth alleging deliberate indifference in failing to train and supervise corrections officers and medical personnel as well as deliberate indifference to serious medical needs of prisoners;

- Count VIII:  A claim brought pursuant to 42 USC § 1983 against Mr. Devring for alleged violation the decedent's Fourteenth Amendment rights claiming deliberate indifference to the decedent's serious medical needs;

- Counts IX and X: State law claims for "civil liability for criminal acts" under R.C. 2307.60(A)(1) against Messrs. Devring, Budish, Taylor, Leiken, Pinkney, and Mills;

- Count XI: A state law claim for "Intentional, willful, wanton, reckless, and/or negligent conduct" against all Defendants;

- Count XII: Claims for "Violation of Ohio Civil Rights Act" against Messrs. Budish, Taylor, Leiken, Pinkney, Ivey, and Mills in their individual capacities only;

---

[1] The John Doe Defendants will not be addressed further in this Motion as they have not been named or served.

1

- Count XIII: A claim for "Violation of R.C. 311.05 – Liability for conduct of deputies" against Mr. Pinkney;

- Counts XIV and XV: Claims for wrongful death and survivorship against all Defendants;

- Count XVI:  A claim requesting denial of immunity on Plaintiff's Eighth and Fourteenth Amendment Claims and unspecified injunctive relief;[2] and,

- Count XVII: Claims for "Vicarious Liability/*Respondeat Superior*" against Cuyahoga County and MetroHealth.

    Pursuant to Fed.R. Civ. P. 12(c), certain claims against these Defendants fail for the following

reasons:

- The Cuyahoga County Board of Commissioners is a non-existent entity that is not *sui juris* so all claims brought against it must be dismissed;

- Counts I, II, III, IV, V, VIII, IX, X, XI, XIII, XIV, XV and XVI should be dismissed with prejudice to the extent they assert official capacity claims against the individual Defendants because they are duplicative of claims asserted against Cuyahoga County;

- Counts IV and V asserting Section 1983 claims and Count XVII seeking to deny immunity with respect to Messrs. Budish, Leiken, Pinkney and Taylor in their individual capacities should be dismissed because there are no allegations that those Defendants were personally involved in the purported constitutional violations and because they are entitled to qualified good faith immunity;

- Counts IV, V, VI and VII asserting *Monell* claims against Cuyahoga County should be dismissed to the extent they are based on alleged constitutional violations by Messrs. Budish, Leiken, Pinkney, Ivey, Taylor and/or  Kenneth Mills because Plaintiff has not successfully alleged constitutional violations against said Defendants;

- Counts II, III, IX, X, XI, XII, XIII, XIV, XV and XVII should be dismissed because these Defendants are immune from liability pursuant to R.C. Ch. 2744;

- Count X alleging liability for criminal acts under R.C. Sec. 2307.60(A)(1) is time-barred and must be dismissed;

- Count XI must be dismissed because there exists no independent actionable claim for "intentional, willful, wanton, reckless and/or negligent conduct";

---

[2] The claim for injunctive relief will not be addressed in this Motion.  While these Defendants reserve the right to contest this claim, it is not ripe for determination currently as it is unclear what injunctive relief Plaintiff seeks.

- Count XII must be dismissed because the claims brought pursuant to the "Ohio Civil Rights Act" are inapplicable to the facts at bar and are also at least partially time-barred;

- Count XIII claiming liability for the conduct of deputies under R.C. 311.05 against Sheriff Pinkney fails because R.C. 311.05 does not provide a cause of action but instead provides for immunity absent a showing that the defendant ordered, had prior knowledge of, participated in, acted in reckless disregard of, or ratified the neglect of duty or misconduct in office of any deputy and such claim must be dismissed;

- Count XVII alleging claims for "Vicarious Liability/*Respondeat* Superior" against Cuyahoga County must be dismissed because it fails to state a claim upon which relief can be granted under federal or state law; and,

- Any claims for punitive damages the Complaint seeks to assert against Cuyahoga County are barred by federal and state law.

## II.    LEGAL ANALYSIS

### A.    Standard of Review.

Pursuant to Federal Civil Rule 12(c), after the pleadings are closed – but early enough so as not to delay trial – a party may move for judgment on the pleadings.  The court employs an identical standard of review to decide Rule 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss.  *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545 (6th Cir. 2008).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) the Supreme Court held that, to avoid dismissal, "factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level…" *Id.* at 570.  To establish the factual plausibility required to survive a motion to dismiss, a plaintiff cannot rely on "legal conclusions" or "threadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009).  "Conclusory allegations of collective, unspecified, and undifferentiated wrongdoing is not sufficient: 'vaguely lump[ing] all defendants together without providing any factual allegations that specify separate acts' fails to satisfy the *Iqbal/Twombly* standard." *Kurek*

3

*v. Ohio Dep't of Dev. Disabilities*, Case No. 3:16CV623, 2017 WL 1555930 (N.D. Oh. Jan. 20, 2017); *Hall v. Madison Police Dept.*, No. 1:18-cv-01999, 2018 WL 5775914 (N.D. Oh. Nov. 2, 2018); *see also In re Darvocet, Darvon, & Propoxyphene Prod. Liab. Litig.*, 756 F.3d 917, 932 (6th Cir. 2014) (complaint lacked the "factual enhancement" necessary to pass *Iqbal* when "it asserts without elaboration Plaintiffs' belief that the Generic Manufacturers failed to update their warnings, providing no factual basis for that belief.").

    **B.**    **The Cuyahoga County Board of Commissioners does not exist and therefore is incapable of being sued.**

Plaintiff has erroneously named the Cuyahoga County Board of Commissioners as a Defendant.  Cuyahoga County has adopted an alternative form of government pursuant to R.C. 302.01, under which there is no Board of Commissioners.[3] As a charter county, Cuyahoga County is a body corporate and politic capable of suing and being sued and therefore is the proper party in this action.  R.C. 301.22. Therefore, all claims brought against the Board of Commissioners must be dismissed since that entity does not exist and it is not *sui juris*. *See Mahdy v. Mason City School Dist.*, No. 1:16-cv-845, 2017 WL 25504, *2 (SD Ohio Jan. 3, 2017).

    **C.**    **The claims brought against the individual Defendants in their official capacities are claims brought against Cuyahoga County, and must be dismissed as redundant.**

The Complaint purports to sue Messrs. Budish, Leiken, Taylor, Pinkney, Ivey, Mills and Devring in both their official and individual capacities. Compl. at Caption and ¶¶ 8 – 14.  Given this characterization, Counts I, II, III, IV, V, VIII, IX, X, XI, XIII, XIV, XV and XVI appear to

---

[3] Public records and government documents available from reliable sources are generally appropriate to be judicially noticed, and courts may consider them without converting a motion for judgment on the pleadings into a motion for summary judgment. *U.S. ex rel. Dingle v. BioPort Corp*., 270 F.Supp.2d 968, 972 (W.D. Mich. 2003); *Robinson v. Purkey*, 326 F.R.D. 105, 169 (M.D. Tenn. 2018); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir.2001). Cuyahoga County's charter may be found on the County's website, at http://council.cuyahogacounty.us/pdf_council/en-US/Legislation/Charter/2019/Amendments%20to%20County%20Charter%20(11-5-2019%20Election).pdf

include official capacity claims against those Defendants. Longstanding federal precedent has established that a claim against a defendant in his or her official capacity is a claim against the entity employing that defendant. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Likewise, under state law, official capacity claims are against the political subdivision employing the individual. *See Field v. Summit County CSEA*, 9th Dist. No. 27817, 2016-Ohio-7026, ¶ 15. As a result, all claims asserted against the individual Defendants in their official capacities are claims asserted against Cuyahoga County.

When a complaint asserts a claim against an officer or employee of a governmental entity in his or her official capacity as well as claims against the governmental entity itself, a district court may dismiss the official-capacity claim. *See Professionals Guild of Ohio v. Butler County Bd. Of Dev. Disabilities*, No. 1:14-cv-161, 2014 WL 6687134, *1 (SD Ohio Nov. 26, 2014) citing *Doe v. Claiborne Cnty*, 103 F.3d 495, 509 (6th Cir. 1996). Because the foregoing claims brought against the individual Defendants in their official capacities are redundant, they should be dismissed. *See Harris v. Stutes*, No. 3:06cv158, 2008 WL 11452313, *5 (SD Ohio Mar. 24, 2008); *Field, supra*.

### D. Counts IV and V of the Complaint fail to properly allege Section 1983 claims against Messrs. Budish, Taylor, Leiken, and Pinkney.

Count IV and possibly Count V of the Complaint allege that, among others, Messrs. Budish, Leiken, Pinkney, and Taylor in their individual capacities violated the decedent's Fourth, Eighth and Fourteenth Amendment rights. Plaintiff's Complaint fails to meet the pleadings standard set forth under Fed.R. Civ. P. 8(a). The Complaint contains only conclusory allegations of unspecified wrongdoing and vaguely lumps together all the Defendants instead of providing any actual factual allegations regarding their individual conduct. In fact, Plaintiff appears to allege individual capacity claims against Messrs. Budish, Leiken, Pinkney, and Taylor only because they were purported to be Corrections Center policymakers.

The Complaint alleges only the following conclusory statements against Mr. Budish:

- He was responsible for the Correction Center's operation and acted under color of state law. Compl. at ¶ 8.

- He participated in securing Nurse Brack's termination. *Id.* at ¶ 35.

- He appointed Defendant Mills, who had no experience in jail management. *Id.* at ¶ 42.

Similarly, the Complaint alleges only the following conclusory allegations against Mr. Leiken:

- He was the Cuyahoga County Executive Chief of Staff and responsible for the Correction Center's operation, acting under color of state law. *Id.* at ¶ 9.

- He participated in securing Nurse Brack's termination. *Id.* at ¶ 35.

- He ignored repeated complaints from administrators and others about Mr. Mills' performance and leadership of jails. *Id.* at ¶ 103.

- He did not exercise his authority as the chief of staff to whom the sheriff was reporting to ensure the Corrections Center was properly managed and that those in custody were safe. *Id.* at ¶ 104.

The Complaint alleges only the following conclusory allegations against Mr. Pinkney:

- He was the Cuyahoga County Sheriff until he retired in August 2019. *Id.* at ¶ 11.

- He was responsible for the Corrections Center's operation and was acting under color of state law. *Id.* at ¶ 11.

- He did not exercise his authority as the County Sheriff to ensure that the Corrections Center was properly managed and that those in custody were safe. *Id.* at ¶ 106.

- He was responsible for neglect of duty or misconduct in office of any of his deputies which he ordered, had prior knowledge of, participated in, acted in reckless disregard of, and/or ratified, among other things, multiple instances by his deputies at the Corrections Center of inmate mistreatment, use of excessive force, denial of medical treatment, denial of constitutional rights, and falsification of records. *Id.* at ¶ 146.

Finally, the Complaint makes only the following bare-bones allegations against Mr. Taylor:

- He was the interim director of Cuyahoga County's jails as well as several other positions within the Cuyahoga County Department of Public Safety and Sheriff's Office, was responsible for the Correction Center's operation, and was acting under color of state law. *Id.* at ¶ 10.

- He did not exercise his authority in his various roles to ensure that the Corrections Center was properly managed and that those in custody were safe. *Id.* at ¶ 105.

An individual supervisory public official "… may be liable only upon a showing of personal involvement." *Essex v. County of Livingston*, 518 F.App'x 351, 357 (6th Cir. 2013), citing *Harvey v. Campbell Cnty.*, 453 F.App'x. 557, 563 (6th Cir. 2011).   To hold a supervisory public official liable in his or her individual capacity for alleged constitutional violations, the defendant supervisor must be found to have "encouraged the specific incident of misconduct or in some other way directly participated in it".  *Id.* at 355.

Here, Plaintiff, at most, makes only general allegations that Messrs. Budish, Leiken, Pinkney and Taylor held certain positons and fell short in fulfilling certain aspects of their duties.  Nowhere has Plaintiff alleged facts suggesting that they had any personal involvement in the purported violations at issue here or encouraged them. As noted above, this clearly fails to satisfy the *Iqbal/Twombly* standard.  *See Kurek v. Ohio Dep't of Dev. Disabilities*, *supra*; *Hall v. Madison Police Dept.*, *supra In re Darvocet, Darvon, & Propoxyphene Prod. Liab. Litig.*, *supra*. Accordingly, the Section 1983 claims brought against Messrs. Budish, Leiken, Pinkney and Taylor in their individual capacities fail as a matter of law and must be dismissed.

### E.    Messrs. Budish, Leiken, Pinkney and Taylor are entitled to qualified immunity from Plaintiff's federal claims.

Assuming *arguendo* that Plaintiff adequately pleads claims of constitutional violations against Messers. Budish, Leiken, Pinkney, and Taylor, those individuals are entitled to qualified immunity and dismissal of Counts IV, V and XVI against them. "Government officials performing discretionary functions generally are shielded from liability for damages insofar as their conduct

7

does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 US 800, 816 (1982).

Courts use a three-step inquiry when analyzing qualified immunity: 1. The court determines whether a constitutional violation occurred; 2. Whether the right that was violated was a clearly established right of which a reasonable person would have known; and 3. Whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *See Dickerson v. McClellan*, 101 F.3d 1151, 1157-58 (6th Cir. 1996). If a plaintiff has failed to demonstrate a constitutional violation, then the analysis need not proceed further. *See Dotson v. Wilkinson*, 477 F.Supp.2d 838, 848-50 (ND Oh. 2007).

First, because there are no allegations in the Complaint specific to Messers. Budish, Leiken, Pinkney, or Taylor's personal involvement in alleged constitutional violations, the first step of the inquiry cannot be satisfied. The analysis need not proceed further; these individuals are entitled to qualified immunity. *Id.*

Moreover, Plaintiff's Complaint does not satisfy the third prong of the analysis. At the pleadings stage, a plaintiff bears the burden of showing that the defendant is not entitled to qualified immunity by pleading "…facts that, viewed in the light most favorable to him, make out a violation of a constitutional right so clearly established in a particularized sense that a reasonable officer confronted with the same situation would have known that his conduct violated that right." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015) (emphasis in original). "Moreover, the allegations must demonstrate that each defendant officer, through his or her own individual actions, personally violated plaintiff's rights under clearly established law." *Id.* (emphasis in original).

2a19a32980755cba

Again, the allegations pertaining to Messers. Budish, Leiken, Pinkney, and Taylor are conclusory and do not meet Plaintiff's burden to plead facts sufficient to overcome qualified immunity. For this additional reason, the individual capacity federal claims Plaintiff has attempted to assert against those individuals must be dismissed.

**F.    Because Plaintiff has failed to state a claim for constitutional violations against Messrs. Budish, Leiken, Pinkney, Taylor, Mills and Ivey, he has failed to assert *Monell* claims against Cuyahoga County for the alleged acts or omissions of those parties.**

Plaintiff's *Monell* claims asserted in Counts IV, V, VI and VII fail to the extent they are based on the alleged acts or omissions of Messrs. Budish, Leiken, Pinkney, Taylor, Mills and/or Ivey. As explained above, Plaintiff has failed to state a claim upon which relief may be granted for constitutional violations against Messers. Budish, Leiken, Pinkney, and Taylor. For the same reasons, Plaintiff has failed to state a claim upon which relief may be granted for constitutional violations against Mr. Mills, as the only allegations made against Mr. Mills are non-specific, generalized assertions about the conditions and staffing levels of the Corrections Center at various times during 2018.[4]  As to Mr. Ivey, the Complaint makes the following allegations:

- That he was the Warden of the Cuyahoga County Corrections Center. Compl. at ¶12.

- That he ordered several corrections officers to turn off their body cameras during the investigation of the decedent's death. *Id.* at ¶¶ 44, 49, 97.

- That he was indicted, pled guilty to several offenses and was forced to resign for the body camera incident.  *Id.* at ¶¶ 43, 49, 51, 52, 97.

- That he withheld food from inmates, failed to make weekly visits to the Corrections Center, that he did not inspect inmates held in isolation or segregation and that he failed to properly supervise the Special Response Team which withheld hygiene items from inmates. *Id.* at ¶ 50.

- That he did not exercise his authority to properly manage the Corrections Center. *Id.* at ¶ 107.

---

[4] These Defendants adopt the well-reasoned legal analysis contained in Mr. Mills' Motion to Dismiss, ECF No. 23.

9

First, to constitute a viable cause of action under Section 1983, the wrongdoer's actions must cause the damages of which a plaintiff complains. *See Hunt v. Sycamore Comm. Sch. Dist. Bd. Of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). Likewise, in order to provide a cause of action under *Monell* the policy at issue must be the <u>moving force</u> behind the constitutional violation.

While it may not have been admirable, it is inconceivable that the alleged order to turn off body cameras after the decedent had expired or Mr. Ivey's convictions for doing so was in any way a moving force behind any constitutional violations complained of in this case. The same can be said of the allegations that Mr. Ivey withheld food from inmates, failed to make weekly visits to the Corrections Center, failed to inspect inmates held in isolation or segregation, and failed to properly supervise the Special Response Team that withheld hygiene items from inmates. Finally, the general allegation that Mr. Ivey failed to exercise his authority to properly manage the Corrections Center has the same shortcomings as the general allegations against Messrs. Budish, Leiken, Pinkney, Taylor and Mills detailed above. *See Essex v. County of Livingston,* 518 F.App'x 351, 357 (6th Cir. 2013), citing *Harvey v. Campbell Cnty.*, 453 F.App'x. 557, 563 (6th Cir. 2011).

Because Plaintiff has failed to allege facts demonstrating that Messrs. Budish, Leiken, Pinkney, Taylor, Ivey and Mills violated any of Plaintiff's constitutional rights, Cuyahoga County cannot be held liable under *Monell* for those purported violations. *See City of Los Angeles v. Heller*, 475 US 796 (1986); *Smith v. City of Youngstown*, 2020 WL 6135119, *8 (ND Ohio Oct. 19, 2020).

### G. These Defendants are immune from Plaintiff's state law claims pursuant to R.C. Ch. 2744.

Plaintiff attempts to assert the following state law tort claims against Cuyahoga County and various individual Defendants in their individual and official capacities, from which all these Defendants are immune:

- Count II: Assault and Battery against Mr. Devring in both his individual and official capacities;[5]

- Count III: Intentional Infliction of Emotional Distress against Mr. Devring in both his individual and official capacities;

- Counts IX and X: Civil Liability for Criminal Acts against all individual Defendants in both their individual and official capacities;

- Count XI: "Intentional, Willful, Wanton, Reckless and/or Negligent conduct" against all Defendants;

- Count XII: Violation of the Ohio Civil Rights Act against Messrs. Budish, Leiken, Taylor, Pinkney, Ivey, and Mills in their individual capacities only;

- Count XIII: Liability for conduct of deputies under R.C. 311.05 against Clifford Pinkney, presumably in his individual and official capacities;

- Count XIV: Wrongful Death against all Defendants;

- Count XV: Survivorship against all Defendants.

- Count XVII: "Vicarious liability/*Respondeat* Superior" against Cuyahoga County and MetroHealth.

  **1. Cuyahoga County is immune with respect to all of Plaintiff's state law claims because there is no applicable exception to immunity found in R.C. 2744.02(B).**

Pursuant to R.C. Ch. 2744, Cuyahoga County cannot be held liable on any of Plaintiff's state law claims, whether they are asserted directly against it or by way of vicarious liability. Cuyahoga County is a political subdivision within the definition contained in R.C. 2744.01(F) and is therefore entitled to assert the immunities contained in Chapter 2744 of the Ohio Revised Code. *See Walsh v. Village of Mayfield*, Eleventh Dist. No. 92309, 2009-Ohio-2377, at ¶ 11.

Generally, political subdivisions are entitled to blanket immunity against claims for injury, death, or loss to persons or property, as stated in R.C. 2744.02(A)(1). *See  Franks v. Lopez*, 69

---

[5] In addition to immunity issues, this claim is time-barred. The incident at bar occurred on August 27, 2018 (Complaint ¶ ¶ 19-34) and the Complaint was not filed until May 12, 2020. R.C.  2305.111(B) provides that assault and battery claims must be brought within one year of accrual. This claim must therefore be dismissed.

Ohio St.3d 345, 347 (1994).  This immunity is subject only to the five limited exceptions set forth

at R.C. 2744.02(B).  *See Howard v. Miami Twp. Fire Div.*, 119 Ohio St. 3d. 1, 4 (2008). Those

exceptions relate to the negligent operation of a motor vehicle, failure to maintain a public road,

the negligent performance of a proprietary function, injury or loss caused by negligently-created

physical defects within or on the grounds of buildings used for governmental functions (excluding

jails), or where liability is expressly imposed by another section of the Revised Code. None of

these exceptions apply in the instant case.

This action clearly does not involve the operation of a motor vehicle, the failure to maintain a

public road or injuries caused by a physical defect in a government building other than a jail.

While Plaintiff asserts three statutory causes of action, neither R.C. 2307.60 (Counts IX and X)

nor R.C. 311.05 (Count XIII) explicitly impose liability upon political subdivisions and therefore

do not invoke the immunity exception listed at R.C. 2744.02(B)(5). *See Moore v. Lorain Metro.*

*Housing Authority*, 121 Ohio St. 3d 455 (2009); *Horen v. Bd. of Edn. of Toledo Public Schs.*, 6th

Dist. No. L-09-1143, 2010-Ohio-3631.  Furthermore, as noted below, the "Ohio Civil Rights Act"

(Count XII) has no application to the facts of this case.[6] Accordingly, the exception for statutorily

imposed liability listed at R.C. 2744.02(B)(5) does not apply here.

This leaves only the exception for proprietary functions. Functions designated as governmental

functions under R.C. 2744.01(C) are excluded by definition from the term proprietary function.

R.C. 2744.01(G)(1)(a); *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 557 (2000);

*Scott v. Dennis*, 8th Dist. No. 94685, 2011-Ohio-12. This case involves the operation of a jail which

is defined at R.C. 2744.01(C)(2)(h) as a governmental function.  *See Elliott v. Cuyahoga County*

---

[6] As noted below, all of those claims fail on the merits as well.

12

*Executive and Council*, 8th Dist. No. 105773, 2018-Ohio-1088, ¶ 13; *Harris v. Columbus*, 10th Dist. No. 15AP-792, 2016-Ohio-1036, ¶ 33.

Finally, Cuyahoga County cannot be held liable directly or vicariously on Count II for assault and battery, Count III claiming intentional infliction of emotional distress or those portions of Count XI alleging intentional, willful, wanton or reckless misconduct.  The exceptions to immunity at R.C. 2744.02(B) relate only to *negligent* misconduct. *See Williams v. McFarland Properties, Inc.*, 177 Ohio App.3d 490, 494-495 (12th Dist. 2008). Accordingly, the allegations in those Counts do not fall within any of the immunity exceptions. *See Griffits v. Newburgh Heights*, 8th Dist. No. 91428, 2009-Ohio-493, ¶ 26 (no exception to immunity for assault and battery or intentional infliction of emotional distress); *Ramey v. Mudd*, 154 Ohio App.3d 582, 587-588 (4th Dist. 2003) (no exception to immunity for assault and battery); *Walsh*, *supra* (no exception to immunity for intentional infliction of emotional distress).

In short, Cuyahoga County is immune from liability on Plaintiff's state law tort claims.  This includes those claims explicitly stated against it (Counts XI, XIV, XV, and XVII), as well as any direct or vicarious liability for claims asserted against individual Defendants in their individual or official capacities (Counts II, III, IX, X and XIII) cannot survive judgment on the pleadings.

> ## 2. Messrs. Budish, Leiken, Taylor and Pinkney are immune from the state law claims brought against them in their individual capacities, as no exception under R.C. 2744.03(A)(6) applies.

As employees of a political subdivision, the individual Defendants are entitled to immunity under R.C. 2744.03(A)(6) as to the state law claims brought against them in their individual capacities. *See Zumwalde v. Madeira & Indian Hill Joint Fire Dist.*, 128 Ohio St.3d 492 (2011), *Mayes v. Columbus*, 105 Ohio App.3d 728 (10th Dist. 1995).  This immunity is subject only to three limited exceptions listed at R.C. 2744.03(A)(6): (a) where the employee's acts or omissions

are manifestly outside the scope of his or her employment; (b) the employee acted maliciously, in bad faith, wantonly or recklessly or (c) where liability is expressly imposed by the Revised Code.

None of those exceptions apply in this case. The allegations against Messrs. Budish, Leiken, Taylor and Pinkney all relate to alleged acts or omissions purportedly taking place within the course and scope of their employment with Cuyahoga County.  Also, as more fully discussed below, none of the allegations of statutory immunity can serve to impose liability in this case. Therefore, the exceptions listed at R.C. 2744.03(A)(6)(a) and (c) do not apply.

Finally, the exception to immunity listed at R.C. 2744.03(A)(6)(b) does not apply as Plaintiff has made no allegations against Messrs. Budish, Leiken, Taylor or Pinkney that would indicate that any of them acted in bad faith, with malicious purpose, or in a wanton or reckless manner. "Bad faith" implies sinister motive and refers to that which has "no reasonable justification." *Pierce v. Woyma,* 8th Dist. No. 97545, 2012-Ohio-3947, at ¶ 15. "Malice" is defined as the willful and intentional design to harm another by inflicting serious injury without excuse or justification. *Garrison v. Bobbitt,* 134 Ohio App.3d 373, 384 (2d Dist. 1999.)  "Wanton" misconduct refers to a failure to exercise any care whatsoever.  *Anderson v. Massillion*, 134 Ohio St. 3d. 380, 388 (2012). Recklessness is defined as "[T]he conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id.*

As established above, Plaintiff has not alleged that Messrs. Budish, Leiken, Taylor or Pinkney committed any specific act or omission much less that they acted with the requisite mental culpability toward Plaintiff's decedent. Although Plaintiff alleges a claim for "intentional, willful, wanton, and reckless conduct," these are merely conclusory allegations insufficient to invoke the immunity exception contained under R.C. 2744.03(A)(6)(b). A complaint that does not contain

14

any <u>factual allegations</u> that could support a finding that an employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner does not overcome the presumption of a political subdivision employee's immunity. *See King v. City of Columbus*, No. 2:18-cv-1060, 2019 WL 1508279, *4 (SD Ohio Apr. 5, 2019); *Zafirau v. Cleveland Municipal School Dist.*, No. 1:03 CV 169, 2003 WL 27377081, *14 (ND Ohio Dec. 10, 2003); *West v. Warren City School District Bd. Of Educ.*, No. 4:09 CV 00303, 2009 WL 3756816, *5 (ND Ohio Nov. 6, 2009) (A court may grant a motion for judgment on the pleadings when the complaint is devoid of any facts showing recklessness); *Humes v. City of Blue Ash*, No. 1:12-cv-960, 2013 WL 2318538, *5 (SD Ohio May 28, 2013) ("Plaintiffs did not support their naked assertions of bad faith with any facts…accordingly, the [defendants] are entitled to statutory immunity on Plaintiffs' state law claim.")

Finally, as noted below, public officials cannot be held vicariously liable merely by virtue of the office they hold.  Instead, a plaintiff must allege and prove that they directed or personally participated in the acts complained of and there are no such allegations in this case. *See Jennings v. Grayczyk*, 6th Dist. No. L-86-242, 1987 WL 5483.  *Conwell v. Voorhees*, 13 Ohio 523 (1844). Plaintiff has failed to meet this standard in this case.

### H.    Plaintiff's claim for liability for criminal acts is time-barred.

Count X, "liability for criminal acts," brought pursuant to R.C. 2307.60(A)(1) against Messrs. Budish, Leiken, Pinkney, and Taylor is time-barred. Ohio courts have consistently held that such claims are subject to the one-year statute of limitations identified in R.C. 2305.11(A).  *See Marquardt v. Carlton*, No. 1:18 CV 333, 2019 WL 1491966, *2 (ND Ohio Apr. 2, 2019), citing *State ex rel. Cnty. Of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.,* 8th Dist. No. 104157, 2017-Ohio-7727, at *24.  The Complaint alleges that the incident at bar occurred on August 27,

2018, but Plaintiff did not file his Complaint until May 12, 2020, over one year later. Compl. at ¶ 19. Accordingly, Count X must be dismissed.

## I.     There exists no distinct claim for "Intentional, Willful, Wanton, Reckless and/or negligent conduct."

Intentional, willful, wanton and reckless conduct as asserted in count XI is "not a distinct cause of action, but element[s] of various other causes of action." *Bradley v. City of Cleveland*, No. 1:11CV781, 2012 WL 775106, *3 (ND Oh. Mar. 7, 2012), citing *Griggy v. Cuyahoga Falls,* 9th Dist. No. 22743, 2006-Ohio-252; *see also Cincinnati Ins. Co. v. Oancea*, 6th Dist. No. L-04-1050, 2004-Ohio-4272, ¶ 17, citing *Prosser & Keeton on Torts*, 5 Ed. 1984, 212-214. "Intentional, willful, wanton, and reckless conduct" therefore cannot stand as a ground for relief in Ohio, and all that remains of Count XI is a simple claim for negligence. *Id.* As explained above, these Defendants are immune from any negligence claim asserted by Plaintiff and Count XI must be dismissed as to these Defendants.

## J.     Plaintiff's Ohio Civil Rights Act claim is inapplicable to the situation at bar.

Count XII asserts a claim for "violation of the Ohio Civil Rights Act" against Messrs. Budish, Leiken, Pinkney and Taylor in their individual capacities and others not subject to this Motion. The Complaint does not identify the specific Revised Code provisions upon which Plaintiff relies in support of this claim.  However, the Ohio Supreme Court has stated that the Ohio Civil Rights Act refers to R.C. Ch. 4112. *See Cheek v. Indust. Power Coatings, Inc.*, 84 Ohio St.3d 534 (1999).

Generally, Chapter 4112 of the Ohio Revised Code prohibits discriminatory practices in employment, the provision of public accommodations, or the sale, transfer assignment, rent, leasing, or financing of housing accommodations. *See e.g.* R.C. Ch. 4112. The Complaint does not allege that any of these Defendants have engaged in any discriminatory practice in employment,

16

the provision of public accommodations or in the provision of housing accommodations. The Ohio

Civil Rights Act is therefore inapplicable to this case.

### K.     R.C. 311.05 does not impose liability on a sheriff for the conduct of deputies.

Count XIII of the Complaint alleges that Mr. Pinkney is liable for damages pursuant to R.C.

311.05, which states:

> The sheriff shall only be responsible for the neglect of duty or misconduct in office of any
> of his deputies if he orders, has prior knowledge of, participates in, acts in reckless
> disregard of, or ratifies the neglect of duty or misconduct in office of the deputy.

First, R.C. 311.05 does not provide for a cause of action. Instead, it provides an additional

shield of qualified immunity to defendant Ohio sheriffs. *Sollenberger v. Sollenberger*, 173 F.

Supp.3d 608 (SD Ohio 2016).  Second, the Complaint fails to allege any fact that would even

suggest that Mr. Pinkney ordered, possessed prior knowledge of, participated in, or acted in

reckless disregard relating to the actions that led to any injury suffered by Plaintiff's decedent.

Count XIII must be dismissed.  To the extent Plaintiff seeks to assert this Count as an official

capacity claim, it is duplicative and should be dismissed.  Furthermore, as more fully discussed

above, Cuyahoga County is immune under R.C. Ch. 2744.

### L.     Cuyahoga County cannot be held liable on theories of *respondeat* superior or vicarious liability under federal or state law

Count XVII's claim for "Vicarious Liability/*Respondeat* Superior" is improper under both

federal and state law.  Since at least 1978 it has been a basic principle of law that a political

subdivision cannot be held vicariously liable under Section 1983 for the acts of its non-

policymaking employees.  *Monell v. Department of Social Services*, 436 US 658 (1978).  While

Messrs. Budish, Leiken,[7] Pinkney, Taylor, Ivey and Mills may or may not be policymakers for the

---

[7] Defendants deny that Mr. Leiken has policymaking authority in *any* matter under the County Charter, any ordinance
of the County Council, or by the County Executive.

County depending upon the subject matter at issue, Plaintiff has not alleged any actionable conduct on their part. Mr. Devring, a corrections officer, is clearly not a policymaking official of the county. In any event, Plaintiff has alleged a *Monell* claim, albeit unsuccessfully, in other portions of the Complaint and this claim is duplicative. Accordingly, Plaintiff's respondeat superior and vicarious liability claims fail under federal law.

Under state law, a political subdivision's liability is governed by R.C. Ch. 2744 rather than traditional principles of agency. *Greenfield v. Schluep*, 4th Dist. No. 05CA8, 2006-Ohio-531; *Friga v. East Cleveland*, 8th Dist. No. 88262, 2007-Ohio-1716, ¶ 28. Likewise, public officials such as Messrs. Budish, Leiken, Pinkney and Taylor cannot be held vicariously liable for the acts or omissions of others. *See Friga, supra; Conwell*, *supra*.

### M. Plaintiff cannot recover punitive damages from Cuyahoga County

In his Complaint, Plaintiff requests that this Court award punitive damages and attorney fees against all Defendants, including Cuyahoga County. It is well established under federal law that punitive damages cannot be awarded against a political subdivision unless expressly authorized by statute. *See City of Newport v. Fact Concerts, Inc.*, 453 US 247, 260-266 (1981); *Lassen v. Lorain County*, No. 1:13: CV 1938, 2014 WL 3511010, *10 (ND Ohio Jul. 14, 2014).

The same is true under Ohio law. R.C. 2744.05(A) states that "in an action against a political subdivision to recover damages for injury, death or loss to persons or property caused by an act or omission in connection with a governmental or proprietary function…punitive or exemplary damages shall not be awarded." This is a restatement of Ohio common law. In *Spires v. Lancaster*, 28 Ohio St.3d 76, 78 (1986), the Supreme Court of Ohio held, "While it is appropriate to award compensatory damages for a municipality's tortious conduct, punitive damages are not appropriate

18

against a municipality even when there is evidence of wanton misconduct." Any claim for punitive

damages made against Cuyahoga County must be dismissed.

## III.    CONCLUSION

In view of the foregoing, these Defendants request the dismissal with prejudice of the following

claims:

- All claims against the Cuyahoga County Board of Commissioners because it is a non-existent entity that has no capacity to sue or be sued;

- All official capacity claims against Messrs. Devring, Budish, Taylor, Leiken, Pinkney, Ivey and Mills because they are duplicative of the claims against Cuyahoga County;

- Count I alleging a Section 1983 claim for excessive force in violation of the against Mr. Devring in his official capacity because it is duplicative of the claims against Cuyahoga County;

- Counts II and III against Mr. Devring in his official capacity because they are duplicative and because Cuyahoga County is immune as a matter of law under R.C. Ch. 2744 from liability on Plaintiff's state law assault and battery and infliction of emotional distress claims;

- Count IV V, VI VII and VII against Cuyahoga County, Messrs. Budish, Taylor, Leiken and Pinkney in their individual and official capacities and Messrs. Ivey,  Mills and Devring in their official capacities because Plaintiff has failed to adequately plead a *Monell* claim against Cuyahoga County, the official capacity claims are duplicative and Plaintiff has failed to adequately plead individual capacity claims against Messrs. Budish, Taylor, Leiken and Pinkney who, in any event, are entitled to qualified good faith immunity;

- Counts IX and X asserting civil liability for criminal acts pursuant to R.C. 2307.60(A)(1) against Mr. Devring in his official capacity and Messrs. Budish, Taylor, Leiken and Pinkney in their individual and official capacities because Cuyahoga County as well as Messrs. Budish, Taylor, Leiken and Pinkney are immune from liability under R.C. Ch. 2744, the official capacity claims are duplicative and because the claim is time-barred;

- Count XI claiming intentional infliction of emotional distress against Cuyahoga County, Messrs. Budish, Taylor, Leiken and Pinkney in their individual and official capacities and Messrs. Ivey, Mills and Devring in their official capacities because they are immune from liability under R.C. Ch 2744 and the official capacity claims are duplicative;

- Count XII alleging "Violation of Ohio Civil Rights Act" against Messrs. Budish, Taylor, Leiken and Pinkney in their individual capacities because they are immune from liability under R.C. Ch. 2744 and because the "Ohio Civil Rights Act" has no application to the facts of this case;

- Count XIII against Mr. Pinkney claiming liability under R.C. 311.05 because the statute provides for qualified immunity rather than an independent basis for liability against him, there are no factual allegations that would render Mr. Pinkney liable in his individual capacity under R.C. Ch. 2744 or Ohio common law and, to the extent an official capacity claim is asserted it is duplicative of the claims against Cuyahoga County which is also immune from liability pursuant to R.C. Ch. 2744;

- Counts XIV and XV alleging wrongful death and survivorship claims against Cuyahoga County, Messrs. Budish, Taylor, Leiken and Pinkney in their individual and official capacities and Messrs. Devring, Ivey and Mills in their official capacities because the official capacity claims are duplicative and Cuyahoga County as well as Messrs. Budish, Taylor, Leiken and Pinkney in their individual capacities are immune from liability pursuant to R.C. Ch. 2744;

- Count XVI requesting the denial of immunity with respect to Plaintiff's Fourth and Eighth Amendment claims because Plaintiff has failed to assert facts necessary to overcome qualified good faith immunity for Messrs. Budish, Taylor, Leiken and Pinkney; and

- Count XVII "Vicarious Liability/*Respondeat* Superior" against Cuyahoga County because this is not a viable theory of liability under federal or state law.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/James A. Climer*
JAMES A. CLIMER (0001532)
AMILY A. IMBROGNO (0092434)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   jclimer@mrrlaw.com
              aimbrogno@mrrlaw.com

*s/Brendan D. Healy*
BRENDAN D. HEALY (0081225)
JILLIAN ECKART (0088770)
Office of the Prosecuting Attorney
Cuyahoga County
1200 Ontario Street
Cleveland, OH  44113
(216) 698-6447
Email: bhealy@prosecutor.cuyahogacounty.us
              jeckart@prosecutor.cuyahogacounty.us

20

Counsel for Defendants Cuyahoga
County/Cuyahoga County Board of Commissioners,
Armond Budish, George Taylor, Earl Leiken, and
Clifford Pinkney in their individual and official
capacities and Eric Ivey, Kenneth Mills and Martin
Devring in their official capacities

*s/Michael N. Ungar*
MICHAEL N. UNGAR (0016989)
SARA DORLAND (0095682)
Ulmer & Berne LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
(216) 583-7002
Email:   mungar@ulmer.com
           sdorland@ulmer.com

Co-Counsel for Defendant Earl Leiken, in his
individual capacity

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, a copy of the foregoing Defendant Cuyahoga
County/Cuyahoga County Board of Commissioners, Armond Budish, George Taylor, Earl Leiken,
and Clifford Pinkney's Motion for Partial Judgment on the Pleadings was filed electronically.
Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing
system.  Parties may access this filing through the Court's system.

*s/James A. Climer*
JAMES A. CLIMER (0001532)
AMILY A. IMBROGNO (0092434)
Counsel     for     Defendants     Cuyahoga
County/Cuyahoga County Board of Commissioners,
Armond Budish, George Taylor, Earl Leiken, and
Clifford Pinkney in their individual and official
capacities and Eric Ivey, Kenneth Mills and Martin
Devring in their official capacities

CUYCO-200090/Cuyahoga County MJOP

21